UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

September 28, 2018

Jason B. Lattimore, Esq.
The Law Office of Jason B. Lattimore, Esq. LLC
55 Madison Avenue, Suite 400
Morristown, NJ 07960
*Counsel for Plaintiff*

Erik Anderson, Esq.
Reardon Anderson, LLC
55 Gilbert Street North, Suite 2204
Tinton Falls, NJ 07701
*Counsel for Defendant*

### LETTER ORDER FILED WITH THE CLERK OF THE COURT

**Re:   Interlink Products International, Inc. v. Holekamp Products, LLC**
       **Civil Action No. 18-3583 (SDW) (LDW)**

Counsel:

Before this Court is Plaintiff Interlink Products International, Inc.'s ("Plaintiff") Motion to Dismiss Defendant Holekamp Products, LLC's ("Defendant") Counterclaim and to Strike Defendant's Second and Sixth Affirmative Defenses pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grant's Plaintiff's motion.

### DISCUSSION

   A.  Standard of Review

*Rule 12(b)(6)*

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v.*

*County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Rule 12(f)*

Rule 12(f) provides that a court, at its discretion or upon motion by a party, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[M]otions to strike 'serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case.'" *United States v. Kramer,* 757 F. Supp. 397, 410 (D.N.J. 1991) (internal citation omitted). However, a district court "should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent." *Cipollone v. Liggett Group, Inc.,* 789 F.2d 181, 188 (3d Cir.1986). "An affirmative defense is insufficient if 'it is not recognized as a defense to the cause of action.'" *F.T.C. v. Hope Now Modifications, LLC,* Civ. No. 09–1204, 2011 WL 883202, *2 (D.N.J. Mar. 10, 2011) (citing *Tonka Corp. v. Rose Art Indus., Inc.,* 836 F. Supp. 200, 217 (D.N.J. 1993)); *see also Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 93–94 (D.N.J. 2014).

    B. <u>Defendant's Counterclaim Fails to State a Claim Upon Which Relief Can Be Granted and its Second and Sixth Affirmative Defenses are Insufficient</u>

This Court writes only for the parties and assumes their familiarity with the procedural and factual history of this matter. On March 14, 2018, Plaintiff filed a three-count Complaint in this Court alleging Defendant engaged in false advertising and unfair competition that damaged Plaintiff's business as a developer and marketer of "innovative shower and bath products." (Dkt. No. 1 at 3-4, 6-8.) Defendant subsequently filed an Answer containing fourteen affirmative defenses and a Counterclaim that, at its core, alleges that Plaintiff's lawsuit, viewed in connection with suits it has filed against other competitors, constitutes malicious prosecution,[1] tortious interference with economic advantage, and antitrust violations. (*See* Counterclaim ¶¶ 8-9, 13, 15, 18, 20, 23, 25; Dkt. No. 21 at 4-5.)

Plaintiff now moves to dismiss the Counterclaim, arguing that Defendant's pleading fails to state a claim upon which relief could be granted. (Dkt. No. 18.)[2] This Court agrees.

---

[1] Defendant admits that this claim should have been a claim for "Malicious Use of Process," and has asked this Court to dismiss the claim without prejudice. (Dkt. No. 21 at n.1.) Defendant's request is granted.

[2] Plaintiff also argues that Defendant's claims are barred by the *Noerr-Pennington* doctrine, which "protects citizens from being penalized for exercising their *first amendment* right to petition the government." *Ontel Products Corp. v. Zuru, LTD.*, Civ. No. 17-3685, 2017 WL 4444198, at *2 (D.N.J. Oct. 5, 2017) (discussing the scope of the

Defendant's Counterclaim pleads that Plaintiff has tortiously interfered with Defendant's economic advantage and has violated federal and state anti-trust laws solely because Plaintiff has filed multiple lawsuits against Defendant and others. The filing of one or many lawsuits, however, is proof of nothing more than a willingness to make use of the legal process and does not satisfy the elements of Defendant's claims[3] or show wrongful conduct by Plaintiff. Without more, Defendant has failed to plead facts sufficient to support its claims.

As for Defendant's second and sixth affirmative defenses, which allege that Plaintiff's claims are barred by Plaintiff's wrongful or improper conduct, they suffer from the same underlying flaw. (Dkt. No. 15.) An affirmative defense must raise "new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true." *AMEC Civil, LLC v. DMJM Harris, Inc.*, Civ. No. 06-64, 2007 WL 433328, at *5 (D.N.J. Feb. 6, 2007) (quoting Black's Law Dictionary 430 (Seventh Ed. 1999)). Defendant argues only that Plaintiff "has engaged in inequitable conduct by filing baseless lawsuits against competitors for unfair economic advantage." (Dkt. No. 21 at 15.) Aside from Plaintiff's filing of multiple lawsuits against competitors, there are no facts in the record that support Defendant's affirmative defenses. Therefore, those defenses are insufficient and will be stricken.

## CONCLUSION

Plaintiff's Motion to Dismiss the Counterclaim and to Strike Defendant's Second and Sixth Affirmative Defenses is **GRANTED**. An appropriate order follows.

                                                     /s/ Susan D. Wigenton     
                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Leda D. Wettre, U.S.M.J.

---

doctrine and its applicability to antitrust and tort claims) (emphasis in original) (internal citations omitted). Because this Court finds that Defendant has failed to sufficiently plead its counterclaims, it need not reach this issue, but notes that the doctrine would likely apply, as the only basis for Defendant's claims is Plaintiff's use of the judicial system to seek redress from alleged harm.

[3] A party asserting a claim of tortious interference must show: (1) an "expectation of economic benefit or advantage"; (2) the opposing party's "knowledge of that expectancy;" (3) "wrongful, intentional interference with that expectancy;" (4) a "reasonable probability" of receipt of the benefit "in the absence of interference;" and (5) damages. *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1167 (3d Cir. 1993).

Defendant's antitrust claims, to the extent they assert monopolization must show "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *St. Clair v. Citizens Fin. Grp.*, 340 F. App'x 62, 65-66 (3d Cir. 2009). To the extent Defendant seeks to assert an attempted monopolization claim, it must show "predatory or anticompetitive conduct," a "specific intent to monopolize," and "a dangerous probability of achieving monopoly power." *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993).