Jason B. Lattimore
**The Law Office Of
JASON B. LATTIMORE, ESQ. LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 998-7477
Facsimile:  (973) 264-1159

*Attorneys for Plaintiff,
Interlink Products International, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERLINK PRODUCTS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOLEKAMP PRODUCTS, LLC, <br><br> Defendant. | Case No: 2:18-cv-03583-SDW-CLW <br><br><br> **FIRST AMENDED COMPLAINT & JURY TRIAL DEMAND** |

Plaintiff, Interlink Products International, Inc. (hereinafter "Interlink" or "Plaintiff"), by and through its undersigned attorney, hereby complains of Defendant, Holekamp Products, LLC ("Holekamp" or "Defendant"), as follows:

### THE PARTIES

1. Plaintiff is a New Jersey corporation with its principal place of business at 1315 East Elizabeth Avenue, Linden, NJ 07036.

2. On information and belief, Holekamp is a Texas Limited Liability Company with its principal place of business at 1148 Green Meadow Street, Beaumont, Texas 77706.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the claims alleged pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338. The Court also has jurisdiction over the claims pursuant to 28 U.S.C. § 1367(a) in that the state law claims alleged are so related to the claims over which the Court has original jurisdiction that they form part of the same case.

4.     This Court has personal jurisdiction over Defendants in that they do business regularly in this district and the claims at issue in this case arise out of or are related to Defendants' business activities with respect to this district. Defendants regularly advertise, offer for sale, and ostensibly ship and sell, to customers located in New Jersey, products that bear the false and misleading statements at issue in this case or to which those statements pertain. Defendants also knowingly and intentionally cause the products that are the subject of the false and misleading statements at issue to be advertised, promoted and sold in New Jersey. Defendants thus purposely direct their business activities to this forum and the claims herein thereby arise out of and relate to such business activities.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), and is otherwise proper as to all claims.

## NATURE OF THE CLAIMS

6.     This case arises out of Defendant's false and misleading representations regarding the performance of certain of its showerhead products sold on Amazon.com ("Amazon"). Defendant markets certain of its showerheads under the claim that those products provide higher pressure and higher flow rate than other showerheads once the flow restrictor has been removed. Defendant's claim is entirely unsupported and false. Indeed, Interlink sells several products on Amazon and elsewhere as to which Defendant's claim is untrue. Interlink seeks recovery,

including disgorgement of profits and an award of attorneys' fees and costs, stemming from Defendant's false advertising.

7. This case also arises out of Defendant's willful infringement of U.S. Pat. No. 7,299,510.

## FACTS

8. Plaintiff, Interlink, is a New Jersey based company specializing in the development, production and marketing of innovative shower and bath products. The company was founded in 1996.

9. Interlink's products include several lines of showerheads that can be purchased from various sources, including Amazon. Interlink is the leading seller of showerheads on Amazon.

10. Defendant competes directly with Interlink for sales of showerheads to online consumers, including those consumers who purchase products through Amazon, and including sales of dual (or "combo") showerheads.

Defendant's Misrepresentations Regarding Flow Rate and Pressure

11. Defendant sells a "3 Inch High Pressure Shower Head" on Amazon in four finishes, Chrome, brushed nickel, oil rubbed bronze and polished bronze.

12. In Defendant's product listings on Amazon describing each version of the 3 Inch High Pressure Shower Head, Defendant claims that the nozzles of the showerheads "blast out water at a higher pressure and flow rate than any other shower head on Amazon (once you remove the restrictor)." Excerpts of Defendant's Amazon product listings for each finish of the 3 Inch High Pressure Shower Head are attached as Exhibit A.

13. Defendant's claim that the 3 Inch High Pressure Shower Head provides higher pressure and flow rate than any other showerhead on Amazon is false, misleading and unsubstantiated.

14. Defendant makes a similar false, misleading and unsubstantiated comparative claim with respect to its "3-inch High Pressure Handheld Showerhead." Defendant advertises that the nozzles of that showerhead "blast out water at a higher pressure and flow rate than any other handheld shower head on the market (once you remove the flow restrictor)." Excerpts of Defendant's Amazon product listings for each finish of the 3-inch High Pressure Handheld Showerhead are attached as Exhibit B.

15. Defendant also advertises that its "High Flow Handheld Shower Head" and "4 Inch High Flow Showerhead" have "more flow and higher pressure than [a prospective purchaser's] current shower head." That advertising claim necessarily implies that no other showerhead on the market (presently or in the past) is capable of a greater flow rate or water pressure than Defendant's showerheads, since it is necessarily predicated on the assertion that prospective customers could not have previously obtained a showerhead that provides equal or greater water flow or pressure than Defendant's showerheads. As with the other advertising claims addressed in the preceding paragraphs, Defendant's comparative claims with respect to the flow rate and pressure of its "High Flow Handheld Shower Head" and "4 Inch High Flow Showerhead" are false, misleading and unsubstantiated. Excerpts of Defendant's Amazon product listings for each finish of the High Flow Handheld Shower Head and 4 Inch High Flow Showerhead are attached as Exhibit C.

16. The water pressure and flow rate of a showerhead are capable of objective measurement or calculation.

17. Each of Defendant's advertising claims addressed above are literally false. Contrary to Defendant's advertising claims, Interlink sells showerheads on Amazon and elsewhere that also have removable flow restrictors and which, when the flow restrictors are removed, provide as much or greater pressure and/or flow rate than the Defendant's showerheads.

18. Interlink tested and compared more than a dozen models of Interlink showerheads sold on Amazon against Defendant's products.

19. In each instance, it was determined the Interlink showerhead provided as much or more water flow and, in several instances more pressure, than Defendant's products.

20. Defendant's claims regarding the pressure and flow rate of its showerheads are also misleading in that they suggest to prospective purchasers that Defendant has objective support, such as comparative testing, establishing the validity of its advertising claims.

21. In fact, Defendant made its comparative claims regarding the flow rate and water pressure of its showerheads without conducting or obtaining any legitimate comparative testing or analysis and without any regard for the truthfulness of the statements.

22. Defendant continues to misrepresent the nature and characteristics of its showerheads in order to unfairly compete with Interlink.

23. Flow rate and pressure are central selling points for showerheads. The ability of a showerhead to provide superior (or higher) water flow or water pressure is very important to prospective purchasers, as those characteristics generally determine the quality of the showering experience a showerhead will provide. Accordingly, Defendant's advertising claims regarding the flow rate and water pressure of it showerheads are material to consumers' decisions to purchase the showerheads from Defendant.

24. Defendant knew or reasonably should have known that its showerheads do not provide greater flow rate or water pressure than any other showerhead on Amazon or on the market.

25. Defendant's advertising claims regarding the water pressure and flow rate are likely to deceive, and on information and belief, have deceived purchasers.

26. Absent Defendant's misrepresentations, Defendant would not have made its sales of the showerheads at issue in competition with Interlink, and it is highly likely that Interlink would have made the sales to customers that Defendants made.

27. Defendants' foregoing conduct described in the preceding sections and paragraphs of this Complaint was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a) entitling Interlink to an award of enhanced damages and reasonable attorney's fees.

28. The acts of Defendant described herein have been and continue to be in bad faith and conscience and in deliberate disregard of Interlink's rights and with the intention of depriving Interlink of monies that Interlink would otherwise receive.

29. Through the foregoing conduct described in this Complaint, Defendant has acted in wanton and willful disregard of Interlink's rights such that Interlink is entitled to an award of punitive damages.

## COUNT I
### (False Advertising - 15 U.S.C. § 1125 (a))

30. Plaintiff restates and realleges the allegations of paragraphs 1-28 as if fully set forth herein.

31. Through the foregoing conduct, including Defendant's (a) advertising that its showerheads provide greater flow rate and pressure than any other showerhead on Amazon; (b)

6

false comparative advertising that its showerheads provide greater flow rate and pressure than any other showerhead on the market; and (c) unsubstantiated comparative claim of superior flow rate and pressure with respect to its showerheads, Defendant has made and continues to make false or misleading statements as to the nature and qualities of its showerheads in the advertising or promotion of those showerheads.

32. Defendant's false and misleading statements regarding its showerheads are literally false, deceived and continue to deceive consumers purchasing the showerheads, and otherwise have the tendency to deceive potential purchasers of Defendant's showerheads.

33. The deception brought about by Defendant's false and misleading statements detailed in the preceding paragraphs was and is material in that those statements likely influenced and will continue to influence purchasing decisions concerning Defendant's showerheads.

34. Defendant's showerheads travel in interstate commerce.

35. Defendant's deceptive conduct has caused and will continue to cause immediate and irreparable injury to Interlink, including declining sales, unfair price competition and loss in market share, for which there is no adequate remedy at law.

36. Accordingly, Interlink is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, disgorgement of profits, attorneys' fees, costs and any other relief the court deems just.

## COUNT II
### (Unfair Competition – N.J.S.A. § 56:4-1)

37. Plaintiff restates and realleges the allegations of paragraphs 1-35 as if fully set forth herein.

38. Through the acts described above, Defendant has willfully and knowingly engaged in unfair acts or practices and unfair methods of competition.

39. Accordingly, Interlink is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, disgorgement of profits, punitive damages attorneys' fees, costs and any other relief the court deems just.

## COUNT III
### (Common Law Unfair Competition)

40. Plaintiff restates and realleges the allegations of paragraphs 1-38 as if fully set forth herein.

41. Through the foregoing conduct, including without limitation the deceptive manipulation of Amazon ratings, Defendants have committed common law unfair competition.

42. Accordingly, Interlink is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, disgorgement of profits, punitive damages, attorneys' fees, costs, punitive damages and any other relief the court deems just.

## COUNT IV
### (Infringement of U.S. Patent No. 7,299,510)

43. Plaintiff restates and realleges the allegations of paragraphs 1-42 as if fully set forth herein.

44. The dual showerhead products sold by Defendant that are the subject of this Complaint consist of two separate showerheads (one a fixed showerhead and the other a handheld sprayer showerhead) packaged with a plumbing device that serves as a combined water diverter and handheld shower holder. The diverter/holder has, among other features, an inlet for water to flow into the diverter, two outlets for water to flow out, a valve for controlling water flow to the diverter outlets, and a holder for the handheld sprayer. The fixed showerhead attaches to one of the diverter/holder outputs and a hose connects the handheld sprayer to the other output. The user can direct the flow of water between the showerheads using a knob on the diverter/holder. As sold

to customers, Defendant's dual showerhead product is packaged such that the diverter/holder must be connected to the fixed showerhead and handheld sprayer at the time of installation. Images showing examples of Defendant's dual showerhead products are attached as Exhibit D.

45. Defendant also sells the holder/diverter component of its dual showerhead as a stand-alone item. An image reflecting Defendant's stand-alone diverter/holder (in one of its available finishes) is attached as Exhibit E.

46. On November 27, 2007, United States Letters Patent No. 7,299,510 ("the '510 Patent") were issued to Pi Kuang Tsai ("Tsai"). In general terms, the '510 Patent describes an invention centering on a specific configuration of a water diverter that is combined with a showerhead holder.

47. On November 17, 2015, Interlink acquired, by assignment from Tsai, all right, title and interest in and to the '510 Patent, including the right to sue for past infringement of the '510 Patent and collect damages associated with such infringement. The assignment has been recorded with the United States Patent & Trademark Office and Interlink remains the owner of all right title and interest in and to the '510 Patent. A copy of the '510 Patent is attached as Exhibit F.

48. All available finishes of Defendant's Aqua Elegante "6 Function Shower Head Combo," "Massage & Mist Shower Head Combo," "Dual Shower Head With Hose" and "RV Showerhead High Pressure Combo" pictured in Exhibit D to this Complaint, all available finishes of the holder/diverter pictured in Exhibit E, and any other of Defendant's dual showerhead products employing holder/diverters that are identical or equivalent to the holder/diverters used in the products depicted in Exhibits D and E (hereinafter "the Aqua Elegante Products") embody the elements of at least claims 3, 10 and 11 of the '510 Patent.

49. Defendant has directly infringed the aforementioned claims of the '510 Patent by making, importing, using, selling and offering for sale the Aqua Elegante Products.

50. Defendant has further infringed and infringes the claims of the '510 Patent by inducing others, including purchasers to make, assemble, install and use the infringing products.

51. By cease and desist letter dated April 19, 2018, Interlink notified Defendant of the '510 Patent and of the infringing nature of the Aqua Elegante Products.

52. Defendant's sale and continued sale of the Aqua Elegante Products is in willful, knowing disregard of the '510 Patent and intentionally induces infringement of the '510 Patent by purchasers.

53. By selling the Aqua Elegante Products, and through its advertising and promotional materials and the instructions included with the Aqua Elegante Products, Defendant encourages purchasers to assemble, install and use on an ongoing basis the infringing shower products. Defendant's product listings and promotional materials encourage assembly, installation and use of the infringing products by, among other things, depicting the products fully assembled and installed, and promoting their functionality. Defendant's instructions included with the Aqua Elegante Products induce infringement by instructing purchasers to assemble, install and use the products. By their nature, the Aqua Elegante Products do not have substantial non-infringing uses. The components thereof cannot be assembled or combined into any ordinary or practical device that does not infringe the '510 Patent. Defendant sells the Aqua Elegante Products for the sole purpose of assembly, installation and use by purchasers and with the knowledge and intent that purchasers will thereby infringe the '510 Patent.

54. On information and belief, Defendant imports and sells or has imported and sold other dual showerhead products and diverters that embody one or more of the claims of the '510 Patent.

55. Defendant has engaged in the foregoing acts of infringement despite an objectively high likelihood that its actions constitute infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Defendant.

56. At all relevant times, Interlink sells and has sold products that compete directly with Defendant's infringing dual showerhead products. As a result of Defendant's infringement Interlink has suffered direct competitive harm, loss of goodwill, and lost sales.

Defendant's infringement is ongoing and has injured and will continue to injure Interlink unless and until this Court enters an injunction prohibiting further direct, contributory and induced infringement, including enjoining further sale of Defendant's infringing products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

I. That Defendant, its officers, agents, servants, employees, attorneys, privies, subsidiaries, divisions, successors and assigns, and all persons and organizations in active concert, participation or combination with any of the foregoing be permanently enjoined from and/or Ordered to:

A. Cease making or employing the false and misleading statements that are the subject of this Complaint; and

B. Cease selling showerhead products for a period sufficient to correct for any gains in market share and goodwill attributable to the conduct on which Interlink's claims are based; and

    C. Cease all further infringement, inducement of infringement and contributory infringement of the '510 Patent.

  II.    That Plaintiff obtain the following relief:

    A. An accounting and disgorgement of all profits Defendant has gained through the sale of showerheads sold under the false and misleading statements at issue;

    B. Compensatory damages;

    C. Treble damages;

    D. Reasonable attorneys' fees and costs;

    E. Punitive damages in an amount not less than $2 million; and

    F. An award of damages sufficient to compensate Interlink for Defendant's direct and indirect infringement of the '510 Patent, including Interlink's lost profits and/or reasonable royalties for the infringement, and any other relief provided for under 35 U.S.C. § 284, together with prejudgment interest from the date that Defendant's infringement of the '510 Patent began;

    G. Increased damages as permitted under 35 U.S.C. § 284;

    H. A finding that this case is exceptional and an award to Interlink of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

    I. Any other relief in Interlink's favor that the court deems just and proper.

Dated: January 3, 2019

Respectfully submitted,

The Law Office Of
JASON B. LATTIMORE, ESQ. LLC

By  s/ Jason B. Lattimore
    Jason B. Lattimore

          55 Madison Avenue, Suite 400
          Morristown, NJ 07960
          Telephone: (973) 998-7477
          Facsimile:  (973) 264-1159

          *Attorneys for Plaintiff*
          *Interlink International Products, Inc.*

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues triable by jury.

Dated: January 3, 2019

Respectfully submitted,

The Law Office Of
JASON B. LATTIMORE, ESQ. LLC

By  s/ Jason B. Lattimore
Jason B. Lattimore
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 998-7477
Facsimile: (973) 264-1159

*Attorneys for Plaintiff*
*Interlink International Products, Inc.*